```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
JUSTIN BOLANOS,                                                        :
                                                                       :
                              Plaintiff,                               :
                                                                       :         21-CV-366 (JPC)
            -v-                                                        :
                                                                       :         ORDER
TANIEKA MISA HOOTEN,                                                   :
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

    Plaintiff filed his Complaint on January 14, 2021. (Dkt. 1.) On January 27, 2021, the Court ordered Plaintiff to show cause why the Court has jurisdiction over this suit under 28 U.S.C. § 1332. (Dkt. 4.) Section 1332 provides that district courts have jurisdiction over civil actions if the "amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the parties meet certain diversity of citizenship requirements. The Court noted that while Plaintiff alleges in the Complaint that the parties meet the diversity of citizenship requirement, he has not alleged that the amount in controversy exceeds $75,000, and it is not apparent from the face of the Complaint how this action could meet that threshold requirement. (*Id.*) That day, Plaintiff filed a letter arguing that the amount in controversy is met based on $7,500 in alleged statutory damages and at least $112,500 in attorney's fees. (Dkt. 5.)

    "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (quoting *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir. 1975)). There is a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde–*

*Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). Overcoming that presumption is a "high bar," *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003), as "the legal impossibility of recovery must be so certain as virtually to negat[e] the plaintiff's good faith in asserting the claim," *Chase Manhattan Bank, N.A. v. Am. Nat. Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070–71 (2d Cir. 1996) (quoting *Tongkook Am., Inc.*, 14 F.3d at 785).

The Court concludes that there is no reasonable probability that Plaintiff's claim meets the $75,000 amount-in-controversy threshold for diversity jurisdiction. *See Tongkook Am., Inc.*, 14 F.3d at 784. After filing a Complaint that revealed minimal information to suggest that threshold is met, Plaintiff's January 27, 2021 submission assumes an exorbitant and disproportional amount attorney's fees to contend that the jurisdictional amount is met. (Dkt. 5.)

Because New York City's Freelance Isn't Free Act, which serves as the basis of Plaintiff's suit, provides that a prevailing plaintiff "shall" be awarded "reasonable attorney's fees," N.Y.C. Admin. Code. § 29-933(b), the Court may consider attorney's fees in determining whether the amount in controversy has been met, *see Givens v. W. T. Grant Co.*, 457 F.2d 612, 614 (2d Cir. 1972), *overruled on other grounds*, 409 U.S. 56 (1972). However, a statutory entitlement to such fees is not necessarily a statutory entitlement to federal jurisdiction. Under New York law, an award of fees "in excess of the amount involved in a litigation would normally appear to be unreasonable." *Diamond D Enter. USA, Inc. v. Steinsvaag*, 979 F.2d 14, 19 (2d Cir. 1992) (emphasis, citation, and quotation marks omitted); *see also Hallingby v. Hallingby*, 453 F. App'x 121, 125 (2d Cir. 2012) (same). Other courts in this Circuit have found that an unreasonable award of attorney's fees cannot serve as the basis for federal jurisdiction. *See, e.g.*, *Jeffrey's Auto Body, Inc. v. Progressive Cas. Ins. Co.*, No. 5:12 Civ. 776 (MAD) (DEP), 2013 WL 592677, at *5 (N.D.N.Y. Feb. 14, 2013) ("For the amount in controversy to be met, the Court would need to find

that there is a reasonable probability that if Plaintiff is successful on its GBL § 349 claim, it would be entitled to over $60,000 in attorneys' fees. . . .  Such an award, considering the relatively uncomplicated nature of this case and the limited recovery sought, would be unreasonable."); *Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 297–98 (E.D.N.Y. 2005) (remanding a case where plaintiff alleged damages of $55,000 and "to reach the jurisdictional amount fees would have to be $20,000," because "[s]uch fees would be unreasonable for this action and would not be awarded"); *see also Ryan v. Legends Hospitality*, LLC, No. 11 Civ. 3110 (RJS), 2012 WL 3834088, at *3 (S.D.N.Y. Aug. 1, 2012) (dismissing an action where the attorney would have to charge an exorbitant amount of fees to meet the amount in controversy).  Here, Plaintiff's claimed attorney's fees, which amount to 15 times the amount of damages, would be unreasonable.  Even an award of $67,500—the amount required to meet the $75,000 threshold—would be nine times the amount of damages and would not be reasonable.

Accordingly, because the Court lacks subject matter jurisdiction over this case, it is hereby ORDERED that this case is DISMISSED without prejudice.  The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated: February 11, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge